This is Wynn Smith and Carol Smith v. Shapland Automotive. We have for the appellant, William Townsley, and for the appellee, Jeffrey Tock. Mr. Townsley? The trial court found that Smith breached paragraph 13 of the lease contract, which is the escrow clause. There's also paragraph 14, which requires the leasing, Mr. Shapland, to pay real estate taxes. The court said that a breach of contract clause number 13, for failure to adjust the escrow clause according to the terms of the contract, therefore constituted a breach of the entire contract, including paragraph 4, which required the payment of real estate taxes. It's our contention that the defendant cannot use the breach of contract escrow clause to escape the obligation to pay the real estate taxes. The duty to pay the real estate taxes is not contingent upon payment into escrow, funding escrow, or adjustment of escrow clause. Metropolitan Trust v. Fishman, which I have cited, says that a lease contract is a divisible contract. A lease contract is divisible in this case because we have separate obligations on the part of Mr. Shapland. One obligation is to pay the real estate taxes. The other obligation is to pay into escrow. Mr. Smith had an obligation under clause 13 to notify Mr. Shapland of increases in taxes as of July 1st of the year. When that was done, Mr. Shapland realized that there was an increase in taxes that he thought was excessive and refused to increase the escrow. The court found that the failure of Smith to notify Mr. Shapland in a timely manner was a material breach and it cited James v. Lifeline Medical. However, in citing that case, the court left out the word material, and we would contend that if Mr. Smith did breach clause 13 of the lease contract, that that was not a material breach but an ancillary matter to the main purpose of the contract. It's a pretty costly ancillary matter. Yes, ma'am. I'm sorry? It's a pretty costly ancillary matter. It's been very costly to Mr. Smith. Yes, sir. Or yes, ma'am. And we would contend that a breach of a material matter in the contract, as the court cited in the Beazley case, is one where it would defeat the bargain for objective of the contract. And the bargain for objective of the contract in this case was lease of buildings and grounds for the use of an automotive dealership. It was not to set up an escrow account. An escrow account was merely a convenience for the parties to keep control of the payment of the taxes. And also, as part of this lease, was the provision where the lessee was obligated to pay taxes and assessments imposed. And that's important because the contract language as set forth in First National Bank of Highland Park v. Miss Central Sales says that when a lease contract says that the lessee will pay taxes that are imposed, that is unambiguous and clearly shifts the burden of payment of taxes to the lessee. We have that exact language in this contract. However, the lessee in this case has said that the failure to notify of an assessment change constitutes a breach of paragraph 13, the escrow clause, and therefore a whole contract has been breached. We think that that is not the correct interpretation. That the correct interpretation is that the escrow clause is a device whereby parties are to take care of paying taxes. That is not the objective of the contract. The bargain for objective, as I said, was lease of buildings and grounds. Lots of contracts, mortgages, leases have escrow clauses in them. If you don't fund your escrow clause, it does not relieve you of the duty of paying your taxes to the state or the county or the school district or wherever it might be. And that's what we have here. Custom and usage, as said in the Beazley case, is one of the criteria for determining whether a contract is divisible. In this case, custom and usage had an escrow clause in a lot of contracts. When you say a contract is divisible, what do you mean by that, counsel? A divisible contract is a contract where there are separate obligations on the parties. And one does not control or is contingent upon the other. So a breach of one of these obligations doesn't constitute a breach of the contract? It constitutes a breach of that clause of the contract. But the non-breaching party is not relieved of fulfilling other terms of the contract. And that's exactly what happened here, Justice. Well, this is a concept which is a little bit new to me. And I fear may be new to the trial court as well. That is, I haven't had that many breach of contract actions as a trial judge, but I had a few. The question was, was the contract breached? The idea, well, we have these divisible things and maybe it was breached, but it didn't constitute a material breach, so as to be a breach of the contract is an argument that I would not normally understand and would not normally be applying. The reason I put it this way is because I'm a great believer that we ought not reverse a trial court based on an argument it never heard. Mr. Tock says you didn't make this argument at the trial court to Judge Fahey. And if you didn't, I'm concerned that you're now asking us to reverse Judge Fahey on an argument she never heard. Justice, I would argue that, and I think I covered that in my reply brief.